# Commonwealth v. Fletcher.

*Criminal law—Rule for certiorari—Discharge of rule—Practice, Supreme Court.*

Where the Supreme Court has granted a rule for a certiorari to the quarter sessions on the ground of shortness of time allowed the defendant to meet unusual proceedings by information against him, and also on account of the excitement of the public mind caused by newspaper comment, but it appears that at the time the rule is heard conditions have changed, so that the defendant is no longer at a disadvantage, the court will discharge the rule.

Rule to show cause why certiorari should not issue to the quarter sessions of Philadelphia county. Miscellaneous docket 2, No. 24.

In granting the rule on December 2, 1903, Chief Justice MITCHELL said:

The regular and orderly proceeding in criminal cases is by indictment before the grand jury. The constitution expressly declares that no person shall for any indictable offense be proceeded against criminally by information, except in certain specified cases, one of which is misdemeanor in office.

The present proceeding is for one of the excepted cases, and it must be assumed that it is justified by the evidence before the court, though that is a disputed question which remains to

be settled.   But the proceeding is unusual, and it does not ap-
pear that there is public necessity for special haste.   The par-
ties for whom it is charged that improper bail was received,
were discharged from custody by the quashing of the indict-
ments against them.   No injury was done therefore to the pub-
lic or to the cause of justice in those particular cases, though
the practice as to the taking of bail in the manner charged is
one requiring investigation.   The present proceeding against
the magistrate was begun only on November 23 last passed,
and being unusual and unfamiliar he is entitled to a reasona-
ble time to prepare for trial.   The newspaper clamor on the
subject is in itself a sufficient reason why the trial should not
be hurried out of its due and regular course.   It is proper,
therefore, that the rule should be made a temporary superse-
deas.

Rule to show cause granted.

*Maxwell Stevenson, William W. Porter* and *John H. Fow,* for
the rule.

*John C. Bell,* district attorney, contra.

PER CURIAM, February 1, 1904:

This rule was granted upon a sworn petition setting forth
that the petitioner was charged in twenty-three informations
with misdemeanor in office, in transactions more than a year
old and involving the investigation of records in the hands of
a number of different magistrates, and that the proceeding by
information was unusual if not unconstitutional.

The main grounds, however, on which the rule was granted
were that the time allowed for preparation for trial was too
short; that the charges had been at least partially investigated
and witnesses heard in the presence of the panel from which the
jury would be drawn if trial was had at the time set, and that
the newspaper reports and comments on the case had created a
public sentiment which would make a fair and impartial trial,
difficult if not impossible.   A strong prima facie case was made
out by the petitioner on each of these grounds.   The facts
were not seriously contested by the commonwealth, though the
inferences drawn by the petitioner were denied.   It is not

now necessary, however, to go into any discussion of the evidence. The petitioner's argument on this rule admits that he has now had sufficient time for preparation, and that the popular prejudice from the newspaper discussion has subsided. No present reason is shown, therefore, why the cases should not proceed in the regular course in the court where they are pending.

Rule discharged.